IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANATHAN CLARK, | Case No. 26-cv-02390-CRB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| CITY OF RICHMOND, et al., | |
| Defendants. | |

Plaintiff Jovanathan Clark sued the City of Richmond ("City") and Sergeant Savannah Stewart (collectively, "Defendants") in state court based on events stemming from his arrest for sexual assault. Compl. (dkt. 1-2). He brings claims for false arrest, defamation, negligence (emotional distress), intentional infliction of emotional distress ("IIED"), violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and <u>Monell</u> municipal liability (against the City). Compl. Defendants removed the action and then filed a motion to dismiss. Mot. (dkt. 8). They primarily argue that Clark failed to comply with the California Government Claims Act ("GCA") and that his claims fail as a matter of law.[1] <u>See</u> Mot. The Court **GRANTS** the motion with leave to amend.[2]

### A.    Claim Presentation

Defendants argue that Clark's state law claims should be dismissed because he failed to comply with the claim presentation requirement of the GCA. Mot. at 5–7. At this stage, the Court cannot agree.

---

[1] Defendants also make immunity and privilege arguments that the Court does not reach. Mot. at 12–15.

[2] The Court deems this matter suitable for resolution without oral argument, under Civil Local Rule 7-1(b). The Court presumes familiarity with the factual background and applicable law.

The GCA requires a party seeking to recover money damages from a public entity or its employees to present a claim within six months after accrual of the claim to the entity before filing suit in court. Cal. Gov't Code § 911.2(a). Compliance with the claim-presentation requirement is mandatory and is a condition precedent to suit. Id. § 945.4; Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). "[D]ismissal for noncompliance with the GCA is warranted at the pleading stage where the inadequacy of compliance is apparent from materials properly before the court." Morn v. City of San Diego, 2026 WL 874405, at *5 (S.D. Cal. Mar. 30, 2026) (citing Cal. Gov. Code § 945.4). "For example, this occurs where the complaint or an exhibit attached to it by the plaintiff is facially insufficient, such as where dates alleged in the complaint place the filing outside the statute of limitations period with no allegation of tolling or equitable estoppel." Id.

Clark's complaint is not facially deficient. It certainly raises the likelihood that there may be an issue with claim presentation but does not affirmatively show insufficiency. See Compl. ¶ 8 (alleging that the claim may have been "misdirected between governmental entities"). Defendants ask the Court to judicially notice records in the underlying state court action, where the court found that Clark had failed to comply with claim presentation. Mot. at 6. But noticing Defendants' documents would not alter the Court's conclusion. That is because the Court would have to accept the facts in those documents as true to determine that Clark failed to satisfy his precondition. And that is not a permissible subject of judicial notice. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Accordingly, the Court does not have proper materials before it to consider Defendants' claim presentation challenge at this point. See Morn, 2026 WL 874405 at *6 (denying motion to dismiss based on claim presentation because the pleadings were not facially deficient and the court could not consider contents of judicially noticeable documents for their truth).

That being said, the Court is not blind. Defendants' documents for judicial notice—

2

and the state court's decision in particular—paint a troubling picture for Clark on claim presentation.[3]  If any of Clark's state law claims survive the motion to dismiss stage, the Court will permit expedited briefing for summary judgment on the issue.

### B.    Failure to State a Claim

Clark fails to adequately state his claims.  While a complaint does not need detailed factual allegations, it must proffer "enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Clark's ten short sentences of factual allegations are not enough for reasonable inferences of liability.  See Compl. ¶¶ 11–20.

For starters, Clark's claims for false arrest, violations of his Fourth and Fourteenth Amendment rights, negligence, and IIED are insufficient.  Each claim primarily stems from what Clark alleges was a false arrest with a lack of probable cause.  See Compl. ¶¶ 21–37.  But the complaint only alleges that Clark's friend was unresponsive and that Clark fully cooperated with the police.  See id. ¶¶ 12–13.  There are no allegations that permit an inference that Clark's arrest was ultimately unreasonable.  Indeed, Clark does not even fully explain what happened to his friend or what happened when officers arrived at the scene.

Clark's efforts to salvage his claims are unavailing.  He argues that Defendants seek a "heightened pleading standard" that goes into a "fact-specific inquiry" for probable cause that involves "the officers' internal reasoning or evidentiary basis."  Opp'n (dkt. 11) at 5.  That is a straw man.  While Clark does not need to prove internal reasoning or wrangle potential evidentiary bases, he does "need more than bare and conclusory allegations."  Johnson v. Trumpet Behav. Health, LLC, No. 3:21-CV-03221-WHO, 2021 WL 2554054, at *3 (N.D. Cal. June 22, 2021).  But that is all he has here.  See Compl. ¶ 14 ("Despite the

---

[3] The Court reminds Clark and his counsel of their Rule 11 obligations for candor and good faith. See Fed. R. Civ. P. 11(b).

3

United States District Court
Northern District of California

absence of probable cause, officers arrested Plaintiff for rape without a warrant."). Accordingly, all the aforementioned claims are deficient and dismissed. As Clark's Monell claim for municipal liability against the City requires an underlying deprivation of a constitutional right (which Clark has failed to allege), it also fails.[4] See Pierce v. City of Berkeley, No. 25-CV-10410-LB, 2026 WL 458235, at *8 (N.D. Cal. Feb. 18, 2026) (an element of a Monell claim is the deprivation of a constitutional right).

Clark also fails to state a claim for defamation. "To state a claim for defamation under California law, the plaintiff must specifically identify the defamatory statement and plead its substance." Schrader Cellars, LLC v. Roach, No. 21-CV-01431-SK, 2021 WL 9816545, at *5 (N.D. Cal. June 10, 2021). "This means the complaint must reference the speakers of the defamatory communications, the recipients, the timing, or the context in which they were made, sufficient to provide [the defendant] notice of the issues to prepare a defense." Id. (internal quotation marks omitted). While Clark describes the substance of the purportedly defamatory statement (that he raped his friend), he fails to adequately describe the recipients, timing, or context of the statement. See Compl. ¶ 17 ("Defendant Stewart and other officers told neighbors Plaintiff had raped his friend and insinuated criminal conduct."). Accordingly, the Court dismisses this claim, too.[5] See id. (granting motion to dismiss defamation claim that failed to describe specific recipients of statements and the timing).

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss with leave to amend, as amendment would not be futile.

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
CHARLES R. BREYER
United States District Judge

---

[4] Beyond conclusory allegations, Clark also fails to demonstrate a pattern or policy by the City to give rise for Monell liability. He only discusses his own incident, which is insufficient. See Williams v. Cnty. of Santa Clara, No. 15-CV-04859-BLF, 2016 WL 879837, at *2 (N.D. Cal. Mar. 8, 2016) ("[A] single incident is not sufficient to state a Monell claim.").

[5] Defendants' official proceeding privilege argument under California law is premature as the lack of context in the complaint makes it unclear if the privilege applies. See Mot. at 12–13.